IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 08-CR-30027-WDS |
| ) | |
| CARL J. GRIFFITH, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM & ORDER**

**STIEHL, District Judge:**

This matter is before the Court on defendant's pro se motion for Rule 35 Evaluation (Doc. 89). The defendant seeks to have the Court order the government to file a Rule 35 motion for reduction in sentence based on his cooperation.

Rule 35(b) provides a "mechanism for the government to seek a reduction in a defendant's sentence based on his substantial cooperation; it nowhere allows a defendant to force the government to seek a Rule 35(b) reduction on his behalf." *United States v. Obeid*, 707 F.3d 898, 901 (7th Cir. 2013). However, "if the government refuses to follow through on a promise to file a Rule 35(b) motion, and that refusal is 'based on an unconstitutional motive' or is 'not rationally related to any legitimate Government end,' *Wade v. United States*, 504 U.S. 181, 185–86 (1992), the defendant is not without opportunity for redress." The defendant may challenge the government's refusal in a motion under 28 U.S.C. § 2255. See, *United States v. Richardson*, 558 F.3d 680, 681–82 (7th Cir.2009).

In this case, the defendant has already had one §2255 motion filed and denied by this Court. *Griffith v. United States*, No. 09-924-WDS. The Seventh Circuit further denied

his request for a certificate of appealability and to proceed in forma pauperis. *Griffith v. United States*, No. 10-2743 (7th Cir. Oct. 6, 2011).

In light of the fact that this request for a Rule 35 motion by the government must be considered as a motion under §2255, and, because the defendant has already had one §2255 petition, he must seek leave to file a second or successive petition from the Court of Appeals. The defendant must:

> clear the jurisdictional hurdle imposed by the Antiterrorism and Effective Death Penalty Act (AEDPA). That statute provides that a district court may not entertain a "second or successive" motion filed by a federal prisoner unless the prisoner has first obtained authorization to file from the court of appeals. §§ 2244(a); 2255(h). . . .

*Obeid*, 707 F.3d at 901.  Accordingly, the Court is without jurisdiction to consider defendant's motion in this criminal action and it is **DISMISSED.**

**IT IS SO ORDERED.**

**DATED: 21 August, 2013**

                                        /s/ **WILLIAM D. STIEHL**
                                             **DISTRICT JUDGE**